UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RUDY CASTANEDA,**

   *Plaintiff*,

v.                                             Case No. SA-23-CV-1218-JKP

**SOUTHWEST KEY PROGRAMS (SKP),
INC., A TEXAS CORPORATION,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (ECF No. 12) filed by Defendant Southwest Key Programs (SKP), Inc. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks to dismiss this action (1) as untimely to the extent Plaintiff failed to file a charge of discrimination within 300 days of the alleged discriminatory actions; (2) for failure to state a claim for age discrimination; and (3) for failure to state a claim for retaliation. Plaintiff has filed a response to the motion. (ECF No. 13). The time for filing a reply brief has passed.

Through his Complaint (ECF No. 4), Plaintiff claims that Defendant unlawfully discriminated against him because of his age based upon alleged events occurring between October 21, 2022, and August 26, 2023. In addition, he claims that Defendant retaliated against him for engaging in the protected activity of applying for positions with Defendant. He attached a Charge of Discrimination that he presented to the Equal Employment Opportunity Commission ("EEOC") on June 17, 2023, in which he alleges a continuing action based on events between October 21, 2022, and June 16, 2023. More particularly, he states therein that he had "applied to at least 47 jobs and never hired." He states his belief that this was "retaliation because [he] previously filed EEOC charges and went to court." The EEOC issued a Right to Sue letter on June 29, 2023,

because it was unlikely to complete its investigation within 180 days of the filing of the charge.

Because Plaintiff moved to proceed in forma pauperis, the assigned Magistrate Judge reviewed the complaint under the screening provisions of 28 U.S.C. § 1915(e) and ordered Plaintiff to either show cause or file a more definite statement demonstrating why this case should not be dismissed. *See* ECF No. 3. The Magistrate Judge required a more definite statement because Plaintiff had not alleged specific facts sufficient to support his claims.

In his more definite statement, Plaintiff alleges events that occurred from July 7, 2023, through August 26, 2023, regarding applying for jobs with Defendant. ECF No. 7 at 2-3. Plaintiff contends that his "complaint is covered with facts which [show] the degree of discrimination by this Defendant." *Id*. at 5 (referring to Ex. B, a partial inquiry by Plaintiff). He states that he "was denied a position with [Defendant] who was looking for a clinician who was Spanish speaking with a bachelor's degree" and that he applied several times to no avail. *Id*. He contends that it is unlawful to discriminate against a person because of his or her age. *Id*. Exhibit B shows that alleged retaliation was the reason for Plaintiff's EEOC complaint.

In reviewing the more definite statement, the Magistrate Judge "confirmed that it raises at least one non-frivolous claim such that service is warranted." ECF No. 8 at 2. Citing to page five of the more definite statement, the Magistrate Judge found that Plaintiff alleges that Defendant "did not hire him because of his age—an allegation that, if true, sufficiently supports a claim under the Age Discrimination in Employment Act." *Id*. at 2-3.

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) under the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). With respect to Plaintiff's age discrimination claim, it argues that Plaintiff alleges no facts to support a reasonable inference that it even knew Plaintiff's

2

age, let alone declined to hire him because of his age. It further argues that Plaintiff instead alleges facts that are inconsistent with an inference that it would have hired him but for his age. For example, Plaintiff affirmatively alleges that he never received an in-person interview—instead, his communications were by phone or text. Plaintiff also alleges that he had started an application on October 29, 2022, but was informed he had to return his "IForm by accessing [a provided] URL." Plaintiff makes no allegation as to how his failure to follow application instructions creates an inference of age discrimination. Additionally, Plaintiff alleges that it alerted him to an open position in Arizona and invited him to a job fair there presumably because he was applying for jobs in Arizona.

Defendant argues that Plaintiff's retaliation claim fails because Plaintiff has neither alleged that the recruiters who he contacted were aware of his EEOC charge nor that they had any animus due to such charge. Further, like the discrimination claim, Plaintiff makes affirmative allegations that are inconsistent with his conclusory assertion that he was not hired in retaliation for his EEOC charge.

Notably, Plaintiff pursued a prior case against Defendant with similar allegations, which did not survive screening under § 1915(e). *See Castaneda v. Maxim Healthcare Servs., Inc.*, No. SA-21-CV-0632-JKP, 2022 WL 21697286, at *1-2 (W.D. Tex. Jan. 11, 2022) (accepting recommendation of Mag. J. in case against two defendants including the defendant in this case), *motion for relief from judgment denied*, No. SA-21-CV-0632-JKP, 2022 WL 585338 (W.D. Tex. Feb. 25, 2022), *appeal dismissed*, No. 22-50224, 2022 WL 4459914 (5th Cir. Aug. 8, 2022). Similarly, in April 2024, this Court granted a Rule 12(b)(6) motion to dismiss that Plaintiff brought against the other defendant in that 2021 case. *See Castaneda v. Maxim Healthcare Servs., Inc.*, No. SA-23-CV-0807-JKP, unpub. op. (W.D. Tex. Apr. 23, 2024) (reconsideration denied). There are

notable similarities between the 2021 case and the two 2023 cases. Indeed, in the current case against Maxim, Plaintiff moved to consolidate the two cases because "both cases are identical if not verbatim." Despite the factual similarities of the two cases, this Court denied consolidation because Plaintiff had presented no legitimate basis to consolidate the already dismissed 2023 case against Maxim with this case.

Like his prior action against SKP and Maxim, "while Plaintiff asserts claims that may be conceivable, he has not provided enough factual allegations to nudge any claim past mere conceivability. To state a claim, a plaintiff must present more than speculation or conjecture." *See* 2022 WL 21697286, at *2.

Here, not only does it appear that Plaintiff did not pursue a discrimination claim with the EEOC (a matter not presented by Defendant), but Plaintiff provides no factual allegation from which to infer that Defendant discriminated against him because of his age. To discriminate against someone because of that person's age, the defendant must have some basis to know or reasonably infer that person's age. And to survive a Rule 12(b)(6) motion, the Plaintiff's allegations must be enough to at least reasonable infer that the defendant knew of Plaintiff's protected membership. Plaintiff simply makes insufficient factual allegations to survive the instant motion to dismiss. Indeed, Plaintiff makes specific allegations that are inconsistent with his speculation or conjecture that Defendant did not hire him because of his age.

Plaintiff's retaliation claim fares no better. He alleges no facts from which the Court can reasonably infer that Defendant knew of his charge of discrimination. Absent knowledge of the protected activity by the defendant, a retaliation claim necessarily fails. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999). And to the extent that Plaintiff claims that Defendant retaliated against him for applying for numerous jobs, such claim is not based on any protected activity. *See*

42 U.S.C. § 2000e–3(a)(providing general list of protected activities). A generalized complaint, "without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (quoting *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir.2011) (per curiam)). Applying for a job does not even rise to the level of a generalized complaint, which is insufficient to qualify as protected activity.

For these reasons, the Court finds that Plaintiff has not stated a claim upon which relief can be granted. Neither of his asserted claims survive the Rule 12(b)(6) motion. On the facts alleged here, even when viewing them in the light most favorable to Plaintiff, the Court grants the motion to dismiss.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that Fed. R. Civ. P. 12(b)(6) warrants dismissal. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). *Id.* at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id*.

Plaintiff has not asked to amend his complaint. Moreover, the Magistrate Judge provided him with an opportunity to present additional factual allegations through a more definite statement. Although the Magistrate Judge viewed the more definite statement as stating at least one non-frivolous claim, that does not foreclose a defendant from succeeding on a Rule 12(b)(6) motion. Defendant has carried its burden to show that Plaintiff has not stated a claim upon which relief can be granted. Through the filing of his more definite statement, Plaintiff was given an opportunity

to bolster his factual allegations. At this point, the Court finds that Plaintiff has stated his best case and thus declines to exercise its discretion to permit the filing of an amended complaint.

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 12). Because Plaintiff's allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **DISMISSES** this action with prejudice. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

**It is so ORDERED this 9th day of July 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**