UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RUDY CASTANEDA,**

   *Plaintiff*,

v.                                                                           Case No. SA-23-CV-1218-JKP

**SOUTHWEST KEY PROGRAMS (SKP),
INC., A TEXAS CORPORATION,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Alter and Amend Judgment (ECF No. 16) filed by pro se Plaintiff Rudy Castaneda. Pursuant to Fed. R. Civ. P. 59(e), Plaintiff asserts various perceived errors that warrant relief from judgment (ECF No. 15) and the Memorandum Opinion and Order (ECF No. 14) granting Defendant's motion to dismiss (ECF No. 12). Defendant opposes the motion. *See* ECF No. 17. Plaintiff has filed no reply to that response, and the time for doing so has now passed. For the reasons that follow, the Court denies the motion.

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 4 (2022); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label"). Because Plaintiff filed his motion within twenty-eight days of the Final Judgment (ECF No. 15), he properly relies on Rule 59(e).

Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

(quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id*. (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id*. at 1703 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id*. (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Here, Plaintiff makes several generalized alleged errors of fact or law but does not satisfy the requirements for obtaining relief under Rule 59(e). He has not identified any newly discovered or previously unavailable evidence. While evidence was not required to oppose the motion to dismiss, newly discovered or previously unavailable evidence can still provide a basis for granting a Rule 59(e) motion. Nor has Plaintiff shown any manifest error in law or fact.

Plaintiff first argues that Defendant did not follow this Court's standing order regarding motions to dismiss. Mot. at 1. But had he raised such argument in response to the motion, the Court would have noted that (1) the standing order has not been docketed in this case and thus provides an arguable basis for noncompliance and (2) the Magistrate Judge had provided Plaintiff an opportunity to file a more definite statement to cure his pleading deficiencies, which argu-

ably serves the same purpose as the standing order. In any event, Plaintiff did not raise this argument in response to the motion to dismiss and cannot now rely upon it to obtain relief under Rule 59(e). In response to the motion, Plaintiff did not even ask to amend his complaint. He cannot now urge reconsideration on a basis that was squarely available to him when responding to the motion.

Plaintiff next argues that the 300-day filing requirement relied upon by Defendant applies only to state cases. Not only is this an incorrect statement of the law, but the Court did not rely on the 300-day filing requirement in granting the motion to dismiss. This provides no basis for Rule 59(e) relief.

Plaintiff then complains about Defendant misstating that he filed a motion to dismiss. This was a misstatement in Defendant's motion and had no bearing on this Court's dismissal of this action.

Plaintiff thereafter asserts a variety of arguments and complaints about the Court's findings that he failed to plead enough facts to support his claims and that it would not exercise its discretion to allow further amendment of Plaintiff's complaint. Incredulously, Plaintiff states that the Magistrate Judge had not provided him an opportunity to plead his best case. Having reviewed all arguments and contentions asserted in the instant Rule 59(e) motion, the Court finds no basis to alter or amend the judgment entered in this case.

For the foregoing reasons, the Court **DENIES** the Motion to Alter and Amend Judgment (ECF No. 16) filed by pro se Plaintiff Rudy Castaneda.

**IT IS SO ORDERED this 25th day of September 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**